IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2019 JUN -4 PM 12:29
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDD. S DISTRICT ALA

| | |
|---|---|
| **DALLAS WELDON,** individually, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:19-CV-00388 ) |
| **LADIGA, LLC,** a domestic limited liability company, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff DALLAS WELDON (hereinafter "Weldon" or "Plaintiff") hereby sues Defendant LADIGA, LLC, an Alabama Limited Liability Company, (hereinafter "Defendant") for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12103, 12181-12205a (hereinafter "ADA"), and its implementing regulations and alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is properly located in the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

## PARTIES

3. Plaintiff, DALLAS WELDON is an Alabama resident individual. Plaintiff is sui juris and qualifies as an individual with disabilities as defined by the ADA. Plaintiff suffers from permanent paraplegia, which is a condition that constitutes a physical impairment which impacts and substantially limits the major life activity of walking and having complete use of his upper extremities and as such is a qualified disability under the ADA.

4. Defendant, LADIGA, LLC (hereinafter referred to as "Defendant"), is an Alabama limited liability company registered to do business and, in fact, is conducting business in the State of Alabama. LADIGA, LLC is the owner, lessor, and/or operator of the real property and improvements that are the subject of this action, specifically: the Grub Mart #20, located at 2720 Pepperell Parkway, Opelika, Alabama 36801 (hereinafter referred to as "premises", "subject premises", "subject

facility", "subject property", "subject location", "Defendant's premises" and/or "Defendant's property").

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant for ADA Violations)

5. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. For enforcement purposes, the effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(A).

6. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small businesses and Section 190 of the IRS Code provides a tax deduction for all businesses, including the Defendant.

7. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) is readily achievable by the Defendant due to the low costs of removing its existing architectural barriers and the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

8. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. §36.104, the subject facility owned by LADIGA, LLC is a place of public accommodation in that it owns the real property and fixtures of a sales establishment offering services to the public.

Pursuant to 42 U.S.C. § 12182(a), the Defendant is liable for any ADA violations on the subject premises because it owns and controls the subject premises and while regulations promulgated by the Department of Justice state that a landlord may contractually allocate to a tenant the responsibility to comply with the ADA, such allocation is effective only as between the landlord and tenant and has no effect on the rights of third parties such as the Plaintiff in this case. As the owner of the real property and fixtures of the subject premises the Defendant is independently liable for the barriers to equal access as alleged herein. 28 C.F.R. § 36.201(b).

9. Prior to instituting this action, and on numerous occasions per quarter over the last year and before, Weldon visited, with the specific intent to patronize the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property and the benefits of services, programs, and/or activities of the subject premises and its facilities, and has otherwise been discriminated against, has suffered an injury in fact, and been damaged by Defendant due to its lack of compliance with the ADA. Plaintiff has personal knowledge that the subject location is presently in violation of the ADA and is discriminating against individuals with disabilities.

10. Due to the violations of the ADA at Defendant's premises Plaintiff does not have safe and equal access to the subject facilities from an accessible parking space nor does he have safe and equal access to the location's public entrance, goods

and services, or restrooms. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the subject premises.

11.     Plaintiff has a bona fide desire and intent to patronize i.e., avail himself of the goods and services of, Defendant's subject premises once the barriers to equal access that amount to violations of the ADA are removed; however, Plaintiff is deterred from doing so as a result of the barriers to access which currently persist at said premises. The existence of these barriers creates a 100 percent likelihood that Plaintiff will suffer the same injury as alleged each time he returns in the future.

12.     Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation, such as Defendant, are in compliance with the ADA so that individuals with disabilities, including himself, and those using wheelchairs similarly situated, will have full and equal enjoyment of the property without fear of discrimination and the accompanying humiliation associated with discrimination.

13.     Plaintiff lives in an extremely rural area just outside the County adjacent to Lee County where the subject location is located and travels to Opelika numerous times per quarter to see his physicians, and patronize department stores, restaurants and other businesses with his wife. Plaintiff's home is less than 50 miles from the area where the subject facility is located and the next nearest municipalities

of any size are Birmingham (approximately 70 miles away) or Montgomery (also approximately 70 miles away). Plaintiff has a real, continuing, and immediate threat of future discrimination as a result of Defendant's violation of, and non-compliance with, the ADA because he intends to continue to visit the subject location each time he travels by the subject facility which occurs numerous times each quarter. Accordingly, Plaintiff intends to attempt to patronize, i.e., visit, Defendant's subject location numerous times next quarter, and on a regular basis each quarter following. Plaintiff will do this until the barriers are remediated and he is able to patronize the subject location with access equal to that of Defendant's able-bodied customers.

14. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the subject facility in derogation of 42 U.S.C. § 12101 *et seq*.

15. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

16. Defendant is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered and/or observed:

## PARKING

a. The plaintiff could not safely utilize the parking facility because the existing accessible parking spaces and access aisle is indistinguishable due to faded paint which is not being maintained by Defendant in violation of 28 CFR § 36.211, whose resolution is readily achievable. The unmaintained access aisle causes Plaintiff anxiety and difficulty because if he parks his vehicle in a space without a clearly marked access aisle, he runs the risk of being blocked out of his vehicle if someone parks next to his vehicle.

b. The plaintiff could not safely utilize the parking facility because the designated accessible parking space and access aisle were not level in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is gradient, i.e. slope, to them (more than 2% grade), plead: readily achievable.

c. The plaintiff could not safely utilize the parking facility as there is no designated van accessible parking space present in violation of Section 4.6 of the ADAAG and Sections 208, 302 and 502 of the 2010 ADA Standards, whose resolution is readily achievable.

## EXTERIOR PATHS OF TRAVEL

d. The plaintiff could not safely traverse the path of travel as there are noncompliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

e. The plaintiff could not safely traverse the path of travel connecting the accessible elements along the storefront due to obstructions created by merchandise being positioned against the storefront which extends into the accessible route, combined with the fact that there are no

parking stops provided at the parking spaces along the storefront which allows parked vehicle overhangs to further reduce the width of the path of travel to less than 36 inches in violation of Section 4.3 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## RAMP

f.  The plaintiff could not safely traverse the path of travel from the parking area to the curb without difficulty as the curb ramp lacked the required level landing at the top. Violation: The curb ramp does not have a top landing in violation of Section 4.8 of the ADAAG and Sections 405.4 and 406.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## ENTRANCE

g.  The plaintiff could not safely and independently access the public entrance to the facility due to a lack of level maneuvering clearance at the outward swinging entry doors. Violation: The curb ramp run extends to the entrance's minimum requisite level maneuvering clearance for a forward approach to the entry door in violation of Section 4.13.6 of the ADAAG and Section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## ACCESS TO GOODS AND SERVICES

h.  The plaintiff could not use the drink dispensers independently because they are positioned too high for wheelchairs users. Violation: The operable parts of the drink dispensers are not at an accessible height in violation of Section 5.2 of the ADAAG and Sections 308 and 904.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

i. The plaintiff could not access the boiled peanuts independently because they are positioned too high for wheelchairs users. Violation: The self-service "shelf" is not at an accessible height in violation of Section 5.2 of the ADAAG and Sections 308 and 904.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## PUBLIC RESTROOMS

j. The plaintiff had difficulty entering the restroom as the restroom entrance door requires excessive force to open. Violation: The restroom door requires more than the minimum allowable opening force for an interior hinged door in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards, and said accessible feature is not being maintained by Defendant in violation of 28 CFR § 36.211, whose resolution is readily achievable.

k. The urinal in the restroom exceeded the maximum allowable height for equal access to individuals with disabilities. Violation: The wall-hung urinal exceeds 17 inches when measured from the finish floor to the rim in violation of Section 4.18.2 of the ADAAG and Section 605.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## MAINTENANCE OF ACCESSIBLE FEATURES

l. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

17. The foregoing violations are violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

18. The Plaintiff states that as soon as he encountered and/or observed the architectural barriers at the subject location he had actual notice that the Defendant does not intend to comply with the ADA.

19. The discriminatory violations described in paragraph 16 are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, he has actual notice that the defendant does not intend to comply with the ADA.

20. Plaintiff knows it will be a futile gesture to attempt to patronize the facility unless he is willing to endure further discrimination, therefore, Plaintiff is deprived of the meaningful choice of freely patronizing the subject premises when in contrast the subject premises is readily available to able bodied patrons and the general public without disabilities.

21. To date, the Defendant's barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate

compliance with the provisions of the ADA. Plaintiff has reasonable grounds to believe that he will be subjected to discrimination in violation of the ADA by Defendant if these violations are not corrected and made compliant.

22. By continuing to operate the subject premises with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

23. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

24. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action and is entitled to recover attorney's fees, costs and litigation from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

25. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B. That the Court enter an Order directing Defendant to alter

its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. §36.211, to fulfill its continuing duty to maintain its accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D. That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211.

E. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F. An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G. An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 4th day of June, 2019.

Respectfully submitted,

By: _____
Michele E. Pate, Esq.

                                        Counsel for Plaintiff
                                        Alabama State Bar No.: ASB-4457E49F

<u>Of Counsel</u>:
Michele E. Pate
Post Office Box 3391
Jasper, Alabama 35502
Telephone: (205) 275-1700
Email: mpatelaw@gmail.com

**DEFENDANT TO BE SERVED AS FOLLOWS:**

Ladiga, LLC
c/o Vernon Young, as Registered Agent
104 Memorial Drive
Piedmont, AL 36272